IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kimberly K. Bagnal, | ) | |
|            Plaintiff, | ) | Civil No. 2:09-CV-1474-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| Foremost Insurance Group, | ) | **ORDER AND OPINION** |
| | ) | |
|            Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff argues that the court's March 2, 2010 order, which granted defendant's motion for summary judgment, should be altered or amended because plaintiff has obtained new evidence not available at trial, an amended judgment is necessary to prevent a manifest injustice, and the court must correct a mistake of fact and clear error of law regarding its determination that defendant made a meaningful offer of underinsured motorist (UIM) coverage. Plaintiff also filed a supplemental memorandum, referencing two recent Supreme Court of South Carolina cases, in support her arguments. Defendant filed responses to plaintiff's motion and supplemental memorandum. For the reasons set forth below, the court denies plaintiff's motion.

## I.  BACKGROUND

On May 11, 2009, plaintiff filed a declaratory judgment action in state court, alleging that defendant failed to make a meaningful offer of UIM coverage to its insured, Donald Adams. Plaintiff sought reformation of a motorcycle insurance policy to include

1

UIM coverage equal to the amount of liability coverage provided by the policy. Defendant removed the case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On December 9, 2009, defendant filed a motion for summary judgment, and plaintiff filed a response in opposition.

On March 2, 2010, this court issued an order granting defendant's motion for summary judgment. This court found that defendant's offer of UIM coverage was a meaningful offer pursuant to both State Farm Mutual Auto Insurance Co. v. Wannamaker, 354 S.E.2d 555 (S.C. 1987), and South Carolina Code of Laws § 38-77-350(A). This court also found that no ambiguities or internal inconsistencies existed in the policy and that no factual issue existed regarding the possibility of alleged excess liability coverage.

On March 29, 2010, plaintiff filed the instant motion to alter or amend judgment. Plaintiff's motion takes issue with the court's ruling that defendant made a meaningful offer of UIM coverage pursuant to Wannamaker and § 38-77-350(A); she does not challenge the court's other rulings. Plaintiff first alleges that she has obtained "new evidence" supporting her argument that defendant did not make a meaningful offer. She has provided an affidavit from the insured, Donald Adams, in which he states that the signature on the UIM offer form is not his, and that he did not instruct his late wife to sign the form on his behalf. According to plaintiff,

> Both parties to this action attempted, unsuccessfully, to obtain Mr. Adams's testimony prior to the Court's ruling. Plaintiff's counsel attempted to obtain an affidavit from Mr. Adams testifying to his knowledge and recollection of events pertinent to this action, but was informed by Mr. Adams that he was not comfortable with participating in this litigation and unwilling to provide

>an affidavit. However, following entry of this Court's Order and Opinion, Mr. Adams contacted Plaintiff's counsel to inform him that, not only had he recently remembered new facts regarding communications with the Defendant immediately following the accident but, he was now willing and eager to execute an affidavit as to his knowledge of all pertinent events. Plaintiff's counsel has also learned that Mr. Adams has had in his possession a computer owned by Nita Colson [(Adams' deceased wife)] which is likely to have been used in completing the online application for insurance.[1]

Mot. Alter. 2. Plaintiff argues that this "new" evidence "creates significant factual disputes" which may impact the outcome of the case and "necessitates further investigation and discovery." Id.

Plaintiff next asserts that the recently acquired affidavit of Mr. Adams includes a statement that "he was repeatedly contacted by a representative from Foremost requesting that he sign a form, and that it be backdated to a date prior to the accident," suggesting the existence of a form other than the signed UIM offer form previously submitted by defendant, as well as possible misconduct by defendant. Id. Plaintiff argues that the new evidence provided by Mr. Adams raises concerns about the validity of defendant's evidence and further investigation is necessary to prevent a manifest injustice.

The final ground asserted by plaintiff is that her motion should be granted to correct a mistake of fact and a clear error of law. Plaintiff argues that the court accepted as fact that Mr. Adams signed the UIM offer form and mistakenly placed the burden of proving otherwise on plaintiff. Plaintiff states that the only person who can competently testify as to who signed the form is Mr. Adams and defendant had the burden of proving

---

[1] One might question why Mr. Adams, a witness in this case, would concern himself with the court's Order and Opinion when he was "not comfortable with participating in this litigation."

3

that he signed the form because the insurer ultimately bears the burden of establishing that it made a meaningful offer.

Plaintiff argues that the court committed an error of law when it accepted as undisputed the fact that Mr. Adams signed the form because defendant, who had the burden of proving its truth, stated its "own presumption of its falsity" in one of its answers to Local Rule 26.03 Interrogatories. Id. When asked to identify potential witnesses and their expected testimony, defendant identified Mr. Adams and stated, "Mr. Adams will *presumably* testify that his wife was acting on his behalf when she transacted the quote, application and selection/rejection form on the policy." Def.'s Resp. Local Rule 26.03 Interrogs. (emphasis added). Plaintiff argues that defendant failed to meet its burden of proof because it presented no evidence that Mr. Adams signed the form or that his wife did so within the scope of an agency relationship. Furthermore, plaintiff argues that any inferences as to the source of the signature should have been made in favor of plaintiff, the nonmoving party.

Plaintiff also asks the court to review its decision that defendant's UIM offer form satisfied the requirements set forth in Wannamaker and § 38-77-350(A). According to plaintiff, "[a] careful reading of the holding in [Floyd v. Nationwide Mutual Insurance Co., 626 S.E.2d 6 (S.C. 2005)], suggests that, where the form is completed by the insurer it does not satisfy the requirements of subsection [(A)]." Mot. Alter 4. In addition, plaintiff argues that Floyd supports the proposition that "where the insurer has marked the form for the insured, even if the insured then signs the form, he or she is no more presumed to have knowledge of its contents than if the signature had been obtained

4

fraudulently." Id.  Therefore, plaintiff asserts that defendant must do more than present the insured's alleged signature on the UIM offer form to show that the insured made an informed decision—it must demonstrate that the insured had knowledge of, and understood, the form's contents and the coverage being offered.  Plaintiff argues that defendant produced no such evidence in this case.

On April 15, 2010, defendant filed a response in opposition.  Defendant mistakenly claims that plaintiff's Rule 59(e) motion was untimely, however, argues that even if plaintiff's motion were construed as a motion for relief from a judgment or order under Rule 60(b), plaintiff has failed to establish that she is entitled to relief.  Defendant asserts that pursuant to Rule 60(b), plaintiff has failed to establish that: (1) she could prevail, even if the court considers the alleged new evidence, (2) defendant will not be unfairly prejudiced by having the judgment set aside, and (3) plaintiff acted with due diligence.  Defendant also argues that plaintiff's motion should be denied because she failed to move for additional discovery pursuant to Rule 56(f) and she improperly attempts to reassert her previous arguments regarding whether defendant made a meaningful offer of UIM coverage under Wannamaker and § 38-77-350(A).

On February 1, 2011, plaintiff filed a motion to allow a supplemental memorandum in support of her motion to alter or amend judgment.  Plaintiff states that the Supreme Court of South Carolina's recent decision in Grinnell Corp. v. Wood, 698 S.E.2d 796 (2010), clarifies "the burden to be carried by an insurer attempting to rely on an offer form which violates the provisions of S.C. Code Ann. § 38-77-350." Supp. Memo. 3.  Plaintiff argues that defendant "attempted to rely solely on an offer form which

it conceded was statutorily deficient due to its improper completion, and which, as supported by recently acquired uncontroverted evidence, was also improperly executed." Id. Plaintiff also suggests that the court consider the briefs filed in Wiegand v. USAA, 705 S.E.2d 432 (2011),[2] for further clarification regarding "an insurer's burden of proving that an offer form was completed and executed by the named insured under section 38-77-350." Id.

Defendant did not oppose plaintiff's motion to allow a supplemental memorandum; however, defendant states that the Grinnell decision is inapplicable because defendant did not assert evidence outside of its written offer form to satisfy the meaningful offer requirement. Defendant also states that the decision in Wiegand supports defendant's position that it made a meaningful offer of UIM coverage.

## II.  DISCUSSION

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may

---

[2]The opinion in Wiegand was issued on January 31, 2011, one day before plaintiff filed the instant motion, thus, plaintiff was understandably only aware of the briefs filed in that case.

not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

### A. New Evidence Not Available at Trial and the Prevention of Manifest Injustice

In the Fourth Circuit, the "standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or rule 60." Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989) (citing United States Fidelity & Guaranty Co. v. Lawrenson, 334 F.2d 464, 475 n.2 (4th Cir.), cert. denied, 379 U.S. 869 (1964)). The standard requires a party to demonstrate that:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Boryan, 884 F.2d at 771 (citing Taylor v. Texas Corp., 831 F.2d 255, 259 (11th Cir. 1987)).

> Thus, in order to support a motion for reconsideration, "the movant is *obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing*." Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985) (citations and quotation marks omitted); see also Stiers v. Martin, 277 F.2d 737 (4th Cir. 1960). Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law.

Boryan, 884 F.2d at 771 (emphasis added). The Fourth Circuit has also held that when advancing a claim of newly discovered evidence, "a party must produce 'a legitimate justification for not presenting' the evidence during the earlier proceeding." Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996) (quoting RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir. 1992)).

Plaintiff fails to satisfy the five-part standard set forth in Boryan. Specifically, plaintiff has not demonstrated that she used due diligence to discover the alleged new evidence. Plaintiff claims that both parties unsuccessfully attempted to obtain Mr. Adams' testimony prior to the court's ruling on defendant's summary judgment motion; however, plaintiff makes no effort to explain why the information possessed by Mr. Adams could not have been discovered with reasonable diligence prior to the court's March 2, 2010 order.

Based on the limited information before the court, plaintiff apparently did not attempt to depose Mr. Adams before or after defendant noticed, and plaintiff subsequently canceled, the deposition of Mr. Adams scheduled for September 17, 2009. Resp. Opp'n Ex. C. An e-mail provided by defendant shows that plaintiff knew the identity of Mr. Adams' attorney when plaintiff canceled the deposition.[3] Id. Defendant's counsel has provided a copy of a letter addressed to plaintiff's counsel, dated September 17, 2009, in which he attempted to reschedule Mr. Adams' deposition and determine whether a deposition of one of defendant's employees was necessary. Resp. Opp'n Ex.

---

[3] The court notes that the attorney representing Mr. Adams in September 2009 appears to be one of the attorneys now representing plaintiff.

8

D. According to defendant, plaintiff never responded to this letter, and defendant subsequently filed its summary judgment motion. If plaintiff believed that Mr. Adams possessed information critical to her case, she should have deposed him. Rule 45 allows a party to compel attendance at a deposition by way of subpoena. Plaintiff provides no information regarding the steps taken to secure Mr. Adams' testimony, what communications occurred between the parties, or whether various options for obtaining his testimony were considered and/or pursued; she simply states that Mr. Adams did not feel "comfortable" participating in this case and refused to provide an affidavit. This cursory statement falls far short of due diligence. A failure to try to procure available evidence during discovery does not allow a party to then claim the evidence is "new" after losing a summary judgment motion.

Moreover, the court finds the circumstances giving rise to this evidence a might curious. Based on plaintiff's account, miraculously, right after this court's order granting summary judgment in favor of defendant, Mr. Adams not only decided to become involved in the litigation, but is now "willing and eager" to participate. He also suddenly remembers "new facts regarding communications with the Defendant immediately following the accident," which occurred approximately two years earlier. Mot. Alter 2. On top of these developments, Mr. Adams now allegedly recalls requests by defendant to sign and backdate "a form" following the accident (Mot. Alter Ex. 1), and that he still has possession of his late wife's computer, which was allegedly used to complete Mr. Adams' online insurance application (Mot. Alter 2). The court finds it difficult to view this "new evidence" with anything less than substantial skepticism. The court finds that plaintiff

9

has failed to offer new evidence justifying the relief requested.

### B. Mistake of Fact and Clear Error of Law

Plaintiff asserts that the court's March 2, 2010 order "accepts as fact that Mr. Adams signed the offer and rejection form and mistakenly places the burden of proving otherwise on Plaintiff." Mot. Alter 3. Plaintiff further asserts that "[i]t was [a] clear error of law to accept this fact as undisputed where the record indicated that the party bearing the burden of proving its truth had clearly stated his own presumption of its falsity" in response to a Local Rule 26.03 Interrogatory. Id.

Despite the fact that plaintiff made several unsupported statements in response in to defendant's summary judgment motion that Mr. Adams "allegedly" signed the UIM offer form on August 1, 2005, she admitted in the same brief that "[h]e signed and returned the [insurance policy] application" and that "he . . . signed" the UIM offer form under the threat of having his policy canceled if he refused to do so. Resp. Opp'n Mot. Summ. J. 11. Plaintiff also stated that "Foremost only succeeded in obtaining a signature on its rejection form under threat of cancellation." Id. at 13. Not surprisingly, the court determined that no genuine issue of material fact existed as to the signature on the UIM offer form.

Regardless of defendant's response to a Local Rule 26.03 Interrogatory, which was filed prior to any discovery and includes the caveat "presumably," the court will not find a genuine issue of material fact for the parties when they do not adequately identify one. Defendant's summary judgment motion alleged that Mr. Adams signed both the insurance policy application and UIM offer form. Indeed, the signatures on both

documents, which were attached as exhibits, appeared to be identical. Add to that plaintiff's unsupported statements[4] that Mr. Adams "allegedly" signed the offer form, which were then contradicted by the other statements in her brief referenced above.

The court is also mindful that "'[u]nsupported speculation is not sufficient to defeat a summary judgment motion.'" United States v. Urbanek, No. 93-2309, 1994 WL 589614, at *3 (4th Cir. Oct. 28, 1994) (quoting Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987)). "'If the evidence favoring the nonmoving party is "merely colorable or is not significantly probative, summary judgment may be granted."'" Urbanek, 1994 WL 589614, *3 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). Accordingly, plaintiff's allegations and defendant's speculation as to Mr. Adams' anticipated testimony are insufficient to defeat a summary judgment motion.

The court will not re-consider plaintiff's arguments regarding whether defendant's offer of UIM coverage satisfied the requirements of Wannamaker and § 38-77-350(A) in light of the Supreme Court of South Carolina's opinions in Floyd and Grinnell. These arguments were thoroughly considered by the court prior to issuance of the March 2, 2010 order. Plaintiff argues that Wiegand supports her previous arguments that the court erred by accepting as fact "that the form was completed and executed by Donald Adams in the absence of *any* supporting evidence, particularly after Foremost had indicated that the form was presumed to have been executed by someone else." Supp. Memo. Reply 3

---

[4] Aside from using phrases such as "a form allegedly signed by Mr. Adams," plaintiff failed to provide any specific facts or support for the contention that anyone other than Mr. Adams signed the offer form. Resp. Opp'n Mot. Summ. J. 6. In addition, plaintiff did not make any mention of defendant's responses to interrogatories prior to the instant motion.

(emphasis in original).  The court has addressed this issue above, and it does not merit further consideration.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion to alter or amend judgment is **DENIED.**

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 30, 2011**
**Charleston, South Carolina**